UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| RICHARD A.[1], Plaintiff, | ) | |
| v. | ) | No. 3:25-cv-00206-RLY-CSW |
| FRANK BISIGNANO, Defendant. | ) | |

## REPORT AND RECOMMENDATION ON JUDICIAL REVIEW OF THE COMMISSIONER'S DENIAL OF BENEFITS

This matter is before the Honorable Crystal S. Wildeman, United States Magistrate Judge, pursuant to an Entry Referring Matter to Magistrate Judge, to conduct and issue a report and recommendation regarding the appropriate disposition of this matter. (Dkt. 16).

Claimant, Richard A., seeks judicial review of the Social Security Administration's ("SSA") decision denying his Title XVI application for disability benefits. (Dkt. 1). He argues the Administrative Law Judge ("ALJ") "erred as a matter of law by failing to incorporate all of [Claimant's] limitations into the [residual functional capacity determination], or to properly explain the lack of standing and non-exertional limitations." (Dkt. 15 at 6). For the following reasons, the Magistrate Judge **RECOMMENDS** the Commissioner's decision be **REVERSED** and **REMANDED** to the Social Security Administration for further proceedings.

[1] To protect the privacy interests of Claimant's application for Social Security benefits, consistent with the recommendation of the Court Administration and Case Management Committee of the Administrative Office of United States Courts, the Southern District of Indiana has opted to use only the first name and last initial of non-governmental parties in its Social Security judicial review opinions.

## I. BACKGROUND

This matter comes on Claimant's 2024 application for Social Security benefits.[2] On March 8, 2023, Claimant protectively filed a Title XVI application for supplementary security income ("SSI"), alleging disability beginning on March 1, 2023. (Dkt. 13-2 at 35). Claimant's application was denied initially on November 3, 2023, on reconsideration on March 19, 2024, and on November 4, 2024, following a hearing before ALJ Michael Scurry. (*Id.* at 32, 35). In reaching this decision, the ALJ found:

- At Step One, "[C]laimant has not engaged in substantial gainful activity since March 8, 2023, the application date." (*Id.* at 37).
- At Step Two, "[C]laimant has the following severe impairments: Osteoarthritis; chronic wedge compression fracture in the thoracic spine; left elbow dislocation, status post reduction and external fixation; chronic pain syndrome; and mild supratentorial atrophy." (*Id.*).
- At Step Three, "[C]laimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (*Id.* at 39).
- After Step Three but before Step Four, "[C]laimant has the residual functional capacity to perform the full range of light work as defined in 20 CFR 416.967(b)." (*Id.* at 40).
- At Step Four, "[C]laimant has no past relevant work," and therefore, "[t]ransferability of job skills is not an issue." (*Id.* at 44).
- At Step Five, "Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform." (*Id.*).

Ultimately, the ALJ concluded Claimant was not disabled as defined in the Social Security Act. (*Id.*). On July 18, 2025, the Appeals Council denied review. (*Id.* at 1). On September 19, 2025, Claimant commenced this action, seeking judicial review of the ALJ's decision. (Dkt. 1). On February 6, 2026, Claimant filed

[2] The administrative record includes information regarding Claimant's 2021 applications for benefits, though those applications are not at issue in the instant matter.

his brief in support of his Complaint. (Dkt. 15). On March 31, 2026, the Commissioner filed his brief in opposition. (Dkt. 17). On May 11, 2026, Claimant filed his reply. (Dkt. 20). Thus, this matter is ripe for review.

## II. STANDARD OF REVIEW

"The Social Security Administration (SSA) provides benefits to individuals who cannot obtain work because of a physical or mental disability." *Biestek v. Berryhill*, 587 U.S. 97, 98 (2019). Disability is the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." *Stephens v. Berryhill*, 888 F.3d 323, 327 (7th Cir. 2018) (citing 42 U.S.C. § 423(d)(1)(A)).

When an applicant appeals an adverse benefits decision, this Court's role is limited to ensuring the ALJ applied the correct legal standards and that substantial evidence exists for the ALJ's decision. *Stephens*, 888 F.3d at 327. "[S]ubstantial evidence" is such relevant "evidence that 'a reasonable mind might accept as adequate to support a conclusion.'" *Zoch v. Saul*, 981 F.3d 597, 601 (7th Cir. 2020) (quoting *Biestek*, 139 S. Ct. at 1154); *see also Bakke v. Kijakazi*, 62 F.4th 1061, 1068 (7th Cir. 2023). This standard is light and deferential, requiring "only the most minimal of articulation." *Warnell v. O'Malley*, 97 F.4th 1050, 1051, 1053 (7th Cir. 2024); *Pavlicek v. Saul*, 994 F.3d 777, 783 (7th Cir. 2021).

"Although this Court reviews the record as a whole, it cannot substitute its own judgment for that of the SSA by reevaluating the facts, or reweighing the evidence to decide whether a claimant is in fact disabled." *Stephens*, 888 F.3d at 327. Reviewing courts also "do not decide questions of credibility, deferring instead to the ALJ's conclusions unless 'patently wrong.'" *Zoch*, 981 F.3d at 601 (quoting *Summers v. Berryhill*, 864 F.3d 523, 528 (7th Cir. 2017)).

The Court does "determine whether the ALJ built an 'accurate and logical bridge' between the evidence and the conclusion." *Peeters v. Saul*, 975 F.3d 639, 641 (7th Cir. 2020) (quoting *Beardsley v. Colvin*, 758 F.3d 834, 837 (7th Cir. 2014)).

The SSA applies a five-step evaluation to determine whether the claimant is disabled. *Stephens*, 888 F.3d at 327 (citing 20 C.F.R. § 404.1520(a)(4); 20 C.F.R. § 416.920(a)(4)). The ALJ must evaluate the following, in sequence:

> (1) whether the claimant is currently [un]employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals one of the impairments listed by the [Commissioner]; (4) whether the claimant can perform her past work; and (5) whether the claimant is capable of performing work in the national economy.

*Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000), *as amended* (Dec. 13, 2000) (citations omitted).[3] "If a claimant satisfies steps one, two, and three, she will automatically be found disabled. If a claimant satisfies steps one and two, but not three, then she must satisfy step four. Once step four is satisfied, the burden shifts to the SSA to establish that the claimant is capable of performing work in the national economy." *Knight v. Chater*, 55 F.3d 309, 313 (7th Cir. 1995).

After Step Three, but before Step Four, the ALJ must determine a claimant's residual functional capacity ("RFC") by evaluating "all limitations that arise from medically determinable impairments, even those that are not severe." *Villano v. Astrue*, 556 F.3d 558, 563 (7th Cir. 2009). In doing so, the ALJ "may not dismiss a line of evidence contrary to the ruling." *Id.* The ALJ uses the RFC at Step Four to determine whether the claimant can perform her past relevant work and, if not, at Step Five to determine whether the claimant can perform other work. *See* 20 C.F.R. § 416.920.

---

[3] The Code of Federal Regulations contains separate, parallel sections concerning SSI and disability insurance benefits ("DIB"), which are identical in most respects. Cases may reference the section pertaining to DIB, such as in *Clifford*, which cites 20 C.F.R. § 404.1520. 227 F.3d at 868. Generally, a verbatim section exists establishing the same legal point with both types of benefits. *See, e.g.*, 20 C.F.R. § 416.920. The Court will usually not reference the parallel section but will take care to detail any substantive differences applicable to the case.

If the ALJ committed no legal error and substantial evidence exists to support the ALJ's decision, the Court must affirm the denial of benefits. *Stephens*, 888 F.3d at 327. When an ALJ's decision does not apply the correct legal standard, a remand for further proceedings is usually the appropriate remedy. *Karr v. Saul*, 989 F.3d 508, 513 (7th Cir. 2021). Typically, a remand is also appropriate when the decision is not supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 355 (7th Cir. 2005). .

## III. DISCUSSION

Claimant contends "the ALJ erred as a matter of law by failing to incorporate all of Allen's limitations into the RFC, or to properly explain the lack of standing and non-exertional limitations." (Dkt. 15 at 6). Claimant cites his severe impairments — namely, supratentorial atrophy — mental limitations, and elbow dislocation as warranting additional limitations beyond "light work" or further discussion. (*Id.* at 7–14).

Responding in opposition, the Commissioner argues the ALJ accounted for both Claimant's severe impairments and elbow dislocation by limiting Claimant to an RFC of light work and that Claimant's mental impairments did not necessitate workplace restrictions. (Dkt. 17).

The Undersigned begins with Claimant's argument regarding his elbow dislocation, because that issue is dispositive of whether a remand is appropriate.

### a. ELBOW DISLOCATION AND CORRESPONDING LIMITATIONS

Claimant argues his elbow dislocation warrants either limitations in addition to the RFC of light work or further discussion as to why such further limitations were not warranted. (Dkt. 15 at 13–14). Claimant asserts the assigned RFC is a "poor match" for Claimant's impairment. In other words, Claimant argues that the ALJ failed to meet the substantial evidence and logical bridge standards. (*Id.* at 13). Recall, remand is warranted when the ALJ's decision lacks substantial evidence in support of the decision. *Briscoe*, 425 F.3d at 355. Similarly, the Court "review[s] the ALJ's decision to determine whether it reflects an adequate logical

bridge from the evidence to the conclusions." *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) (citing *Moore v. Colvin*, 743 F.3d 1118, 1121 (7th Cir. 2014)).

Specifically, Claimant contends a finding of a dislocated elbow requires the ALJ to also consider any limitations in the areas of pushing, pulling, reaching, and handling, which are not encompassed in the RFC's exertional limitation of light work. (*Id.*). The Commissioner argues Claimant simply disagrees with the ALJ's consideration of the evidence. (Dkt. 17).

When making an RFC assessment, the Regulations indeed require the ALJ to engage in a function-by-function analysis prior to proceeding to exertional limitations, such as the one of "light work" the ALJ chose to assign in this case. SSR 96-8P, 1996 WL 374184 (July 2, 1996); (Dkt. 40). Part of that analysis requires assessment of a claimant's physical abilities. SSR 96-8P, 1996 WL 374184 (July 2, 1996); 20 C.F.R. § 404.1545(b). Subsection (b) contemplates the impact of a claimant's "limited ability to perform certain physical demands of work activity, such as sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions (including manipulative or postural functions, such as reaching, handling, stooping or crouching)" on their ability to do work. 20 C.F.R. § 404.1545(b).

As Claimant points out, an RFC of light work[4] includes functions like lifting and carrying, but does not capture a claimant's pushing, pulling, reaching, and handling abilities. *See* (Dkt. 15 at 13); 20 C.F.R. § 416.967(b); 20 C.F.R. § 404.1545(b). This is of relevance here, as Claimant reported "limitations in . . . reaching" and "using his hands." (Dkt. 13-2 at 41). The ALJ noted these reports, yet did not address reaching, handling, manipulative, or similar limitations. *See*

[4] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 416.967(b).

(*id.* at 35–44). Moreover, Claimant testified that he could not even bring a glass of water to his mouth without difficulty. (*Id.* at 72).

Yet, the ALJ made no findings to discount the testimony or to suggest that he believed these symptoms are unsupported by the evidence. *See* (*id.* at 35–44). Rather, the ALJ found Claimant's elbow dislocation symptoms and testimony regarding the limitations to be consistent across the record. *See* (*id.*). Such findings warrant evaluation of corresponding limitations in formulating Claimant's RFC.

In essence, the ALJ's opinion acknowledges symptoms consistent with Claimant's elbow dislocation, omits a function-by-function analysis required by the Regulations, and summarily finds an RFC of light work accurately captures Claimant's limitations. The Undersigned cannot conclude the decision satisfies the substantial evidence standard and therefore **RECOMMENDS** the ALJ's decision be **REVERSED** and **REMANDED**.

Having found remand is warranted for the forgoing reasons, the Undersigned declines to substantively address Claimant's remaining arguments.

## IV. CONCLUSION

For the foregoing reasons, the Magistrate Judge **RECOMMENDS** the ALJ's decision be **REVERSED** and **REMANDED**. The Undersigned finds the ALJ failed to build an accurate and logical bridge between the evidence and the RFC with respect to Claimant's manual limitations arising from his elbow dislocation.

You are hereby notified the District Judge may reconsider any pretrial matter assigned to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B). Any party shall have fourteen (14) days from the date of service to file written objections to this Report and Recommendation.

**IT IS SO RECOMMENDED** this 4th day of August 2026.

Crystal S. Wildeman
United States Magistrate Judge
Southern District of Indiana

Distributed via CM/ECF to counsel of record.